UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES R. NEWCOME and
UMAMA J. NEWCOME,

    Plaintiffs,

v.                                         Case No. 8:21-cv-2171-TPB-TGW

HERNANDO COUNTY
SHERIFF'S OFFICE, et al.,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING WITHOUT
PREJUDICE IN PART DEFENDANTS' MOTIONS TO DISMISS**

This matter is before the Court on "Defendant, Hernando County Sheriff's Office Amended Motion to Dismiss the Plaintiffs' Complaint with Memorandum of Law" (Doc. 31) and "Defendants' Amended and Consolidated Motions to Dismiss the Plaintiffs' Complaint with Memorandum of Law" (Doc. 32), both filed on October 29, 2021. Plaintiffs James R. Newcome and Umama J. Newcome filed responses in opposition to the motions on November 19, 2021 (Docs. 36; 37), along with an amended response on November 20, 2021 (Doc. 38). After reviewing the motions, responses, court file, and the record, the Court finds as follows:

**Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Although Rule 8(a) does not require 'detailed factual

allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 555.

When deciding a Rule 12(b)(6) motion, the court's scope of review is limited to the four corners of the complaint. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). However, a document attached to the pleading as an exhibit may be considered if it is central to the plaintiff's claim and the authenticity of the document is not challenged. *See Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal"). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency and is not a procedure for resolving factual questions or addressing the merits of the

case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, No. 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiffs in this case are proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## Analysis

### *Claims Against Hernando County Sheriff's Office*

Plaintiffs have named the Hernando County Sheriff's Office as a defendant in this case. However, the Sheriff's Office is not a legal entity subject to suit. *See, e.g.*, *Faulkner v. Monroe County Sheriff's Dept.*, 523 F. App'x 696, 701 (11th Cir. 2013); *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992); *Fulkerson v. Russell*, No. 3:17-cv-560-J-34JRK, 2017 WL 6041954, at *2-3 (M.D. Fla. Dec. 6, 2017) (collecting cases). Consequently, the motion is granted as to this ground, and all claims against the Hernando County Sheriff's Office are dismissed. The Court will grant leave to amend so that Plaintiffs may sue the proper party.[1]

---

[1] When a plaintiff sues the sheriff in his official capacity, any claims against individual defendants in their official capacities are duplicative. This is problematic because it serves no proper purpose and may confuse a jury. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991); *C.P. by and through Perez v. Collier Cty.*, 145 F. Supp. 3d 1085, 1091 (M.D. Fla. 2015). Plaintiffs have been given leave to amend. If they choose to sue Sheriff Nienhuis in his official capacity in the amended complaint, they should take care to not sue any individual officers in their official capacities.

*Shotgun Pleading*

Defendants argue that the complaint should be dismissed as a shotgun pleading. A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive pleading." *See Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has identified four primary types of shotgun pleadings:

(1) Complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;

(2) Complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;

(3) Complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and

(4) Complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). A district court must generally permit a plaintiff at least one opportunity to amend a shotgun complaint's deficiencies before dismissing the complaint with prejudice. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

In many of the counts, Plaintiffs improperly mix several different causes of action and/or claims for relief. For instance, Count III sets forth what appears to be two different claims – a Fourth Amendment violation and a Fifth Amendment violation. Count VII sets out claims for both intentional and negligent infliction of emotional distress. This improper mixing of claims makes it difficult for Defendants to respond accordingly and present defenses, and for the Court to appropriately adjudicate this case.

The complaint also asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *See Weiland*, 792 F.3d at 1323. For example, it is unclear whether Count 2 is only against Sgt. Adkins because he is the only officer referenced factually in this count. It is also unclear if this count is alleged against Sgt. Adkins in his individual or official capacity.[2] Count 4 alleges a Fourteenth Amendment violation against "members of the Hernando County Sheriff's Office, which would include Officers and possibly other employees" without identifying these officers or indicating whether the claims

---

[2] In § 1983 cases, a plaintiff should explicitly identify the capacity in which each defendant is being sued. "The main concern of a court in determining whether a plaintiff is suing defendants in their official or individual capacity is to ensure the defendants in question receive sufficient notice with respect to the capacity in which they are being sued." *Id.* Typically, a plaintiff gives notice by expressly stating in the complaint whether a defendant is being sued in his individual or official capacity. *This distinction is important in § 1983 cases since official capacity claims are substantively different from individual capacity claims.* These differences are crucial to the defendants' ability to identify and properly respond to the claims and assert meritorious defenses, as well as the Court's ability to appropriately adjudicate the case. Because the Court is granting Plaintiffs the opportunity to amend their complaint, any amended complaint should specifically delineate in which capacity Plaintiffs are suing each of the defendants in each count.

are against any officers in their individual or official capacities. In some of the counts, it is even unclear which plaintiff is bringing that claim.

In light of Plaintiffs' *pro se* status, the Court will grant leave to amend. Any amended complaint should indicate – at the top of each count – which plaintiff is suing which defendant(s) in that count. Plaintiffs should not improperly mix together any causes of action. Each count should also specifically identify the acts or omissions of each named defendant.

*Failure to State a Claim*

Defendants argue that each of Plaintiffs' federal and state claims are subject to dismissal for failing to state a claim.

§ 1983 Claims

Defendants contend that Plaintiffs have failed to sufficiently plead any § 1983 claims,[3] citing to *Monell v. New York City Dept of Social Servs.*, 436 U.S. 658 (1978). Under *Monell*, "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief . . . pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id. at* 690. A municipality can only be held liable, however, where "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* To put it plainly, a municipality

---

[3] Due to the shotgun nature of the complaint, it is difficult to ascertain which counts actually assert § 1983 claims. The Hernando County Sheriff's Office identified possible § 1983 claims in Counts 1, 2, 3, 4, 5, 6, 8, and 9 of the complaint.

cannot be liable under § 1983 on a *respondeat superior* theory solely because it employs a tortfeasor. *Id.*

"Supervisor liability arises only 'when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation.'" *Gross v. Jones*, No. 3:18-cv-594-J-39PDB, 2018 WL 2416236, at *4 (M.D. Fla. May 29, 2018) (quoting *Mathews v. Crosby*, 480 F.3d 1265, 1270 (11th Cir. 2007)). Consequently, "to impose § 1983 liability on a local government body, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the entity had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *Scott v. Miami-Dade County*, No. 13-CIV-23013-GAYLES, 2016 WL 9446132, at *3 (S.D. Fla. Dec. 13, 2016).

To demonstrate a policy or custom, "it is generally necessary to show a persistent and wide-spread practice; random acts or isolated incidents are insufficient." *Id.* at *4. The requisite causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation omitted). "Alternatively, the causal connection may be established when a supervisor's custom or policy results in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew the

subordinates would act unlawfully and failed to stop them from doing so." *Id*. (internal quotation and citation omitted). Significantly, "the Eleventh Circuit has repeatedly held that without notice of a need to train or supervise in a particular area, a municipality is not liable as a matter of law for any failure to train or supervise." *Scott*, 2016 WL 9446132, at *4.

Upon review, the Court finds that Plaintiffs do not sufficiently allege that any constitutional violations were caused by the customs, policies, or procedures of the Sheriff. In fact, Plaintiffs do not identify any customs, policies, or procedures at issue. Plaintiffs recount only their own alleged incident and offer no other facts that would support an inference that the Sheriff had an official policy or widespread custom that caused Plaintiffs' injuries. *See Campbell v. City of Jacksonville*, No. 3:17-cv-914-J-34JRK, 2018 WL 1463352, at *16 (M.D. Fla. Mar. 23, 2018) (dismissing § 1983 claim after concluding that the plaintiff failed to identify any actual policies of the defendant, and in describing only the single incident, failed to offer any facts supporting the existence of a widespread custom); *Cooper v. City of Starke, Fla.* No. 3:10-cv-280-J-34MCR, 2011 WL 1100142, at *8 (M.D. Fla. Mar. 23, 2011) (dismissing § 1983 claim after concluding that "boilerplate and conclusory allegations of municipal policy or practice – devoid of factual development – are insufficient to state a § 1983 claim" where the plaintiffs failed to identify any actual policies or decision makers and failed to offer any facts to support the existence of a widespread custom, and instead only described the single incident involving plaintiffs); *Reyes v. City of Miami Beach*, No. 07-22680-CIV, 2007 WL 419906, at *6

(S.D. Fla. Nov. 26, 2007) (acknowledging that although it is generally true that there is no heightened pleading standard for §1983 claims against municipalities, plaintiffs still must offer factual allegations that the municipality had an official policy or widespread custom that was directly responsible for their injuries in order to raise a claim above the speculative level).

The complaint is woefully inadequate in stating any § 1983 claims. Accordingly, the motion is granted as to this ground, and all § 1983 claims are dismissed, with leave to amend. In an amended complaint, in addition to appropriately separating their claims and causes of action, Plaintiffs should set forth sufficient allegations that would support their § 1983 claims based on a custom, policy, or practice of a municipal defendant. Plaintiffs should explain how a specific custom or policy was the moving force behind any alleged violations of their constitutional rights. This direction applies to each § 1983 claim that Plaintiffs seek to assert.

<u>Count 1 (Violation of Fourth Amendment)</u>

In Count 1, Plaintiffs appear to claim that their Fourth Amendment rights were violated when officers tear-gassed their home or arrested them without a warrant. This count seems to combine two separate and distinct Fourth Amendment violations – a seizure based on the use of force and a seizure based on an unlawful arrest. In the amended complaint, these should be separated into two distinct counts. Moreover, although Plaintiffs allege that they were arrested without a warrant or exigent circumstances, they fail to allege that they were

arrested without probable cause. As such, Count 1 is dismissed without prejudice, with leave to amend.

### Count 2 (Violation of Fourth Amendment through Coercion)

In Count 2, Plaintiffs appear to allege a Fourth Amendment violation based on "coercion." These claims seem to be based on Plaintiffs' warrantless arrests and are therefore duplicative of Plaintiffs' claims in Count 1. To the extent that Plaintiffs are attempting to assert any claims under § 760.51, *F.S.*, this statute is inapplicable to this action.[4] Likewise, an alleged violation of Article I section 12 of the Florida Constitution does not provide for a private right of action here. Count 2 is dismissed without prejudice, with leave to amend.

### Count 3 (Violation of Fourth and Fifth Amendment)

In Count 3, Plaintiffs appear to allege a violation of Plaintiffs' Fourth and Fifth Amendment rights. The Court begins by noting that it is unclear whether this count is brought on behalf of both Plaintiffs or is limited to Mrs. Newcome. There are no facts alleged concerning any violations of Mr. Newcome's rights. In any amended complaint, Plaintiffs should clearly articulate – in the title of each count – which plaintiff is bringing that claim against which defendant(s).

To the extent that Plaintiffs allege that any defendant violated Mrs. Newcome's Fourth Amendment rights based on her warrantless arrest, it appears that this claim is duplicative of the claims in Counts 1 and 2. To the extent that Plaintiffs assert a Fifth Amendment violation, the nature of that violation is

---

[4] The statute provides that the Attorney General may bring a civil action for violations of constitutional rights in the name of the state and on behalf of the injured person.

unclear. For instance, Plaintiffs do not allege that Mrs. Newcome was "compelled in any criminal case to be a witness against [herself]." As such, the Court concludes that Plaintiffs have failed to allege a violation of the Fifth Amendment. Count 3 is dismissed without prejudice, with leave to amend.

Count 4 (Violation of Fourteenth Amendment)

In Count 4, Plaintiffs appear to assert a § 1983 claim against various unspecified defendants based on an alleged Fourteenth Amendment violation of Plaintiffs' due process rights. Plaintiffs specifically allege that "Officers and possibly other employees" of the Hernando County Sheriff's Office illegally withheld exculpatory evidence in violation of *Brady v. Maryland*.[5] The Court notes that it is unclear whether this count is brought on behalf of both Plaintiffs or is limited to Mr. Newcome. In any amended complaint, Plaintiffs should clearly articulate – in the title of each count – which plaintiff is bringing that claim against which defendant(s).

The nature of the alleged constitutional violation is also unclear. Plaintiffs appear to allege unspecified persons destroyed or withheld evidence from the prosecutor and/or Mr. Newcome's attorneys. However, Plaintiffs later allege that the evidence was presented and seem to only take issue with when they received the evidence. Plaintiffs do not allege that the unspecified officers and employees had any duty to provide evidence. Ultimately, Plaintiffs do not provide sufficient

---

[5] 373 U.S. 83 (1963).

factual material to demonstrate a constitutional violation.  Count 4 is dismissed without prejudice, with leave to amend.

<u>Count 5 (Violation of Fourteenth & Second Amendment)</u>

In Count 5, Plaintiffs appear to allege that officers violated their Fourteenth and Second Amendment rights by "fabricating" a crime and "lying" in a warrant and/or risk protection order, which resulted in the removal of firearms from the residence for one year.  It is unclear whether this count is brought on behalf of both Plaintiffs or is limited to Mr. Newcome.  In any amended complaint, Plaintiffs should clearly articulate – in the title of each count – which plaintiff is bringing that claim against which defendant(s).

As for the remainder of the claim, the nature of the constitutional violation is again unclear.  It is unclear whether Plaintiff's Second Amendment attack is intended to be a facial or as-applied challenge.  Certainly, the Second Amendment provides a pre-existing individual right to keep and bear arms.  *See, e.g., District of Columbia v. Heller*, 554 U.S. 570, 592 (2008).  Yet, the Second Amendment is not absolute.  *See id*. at 626-27 ("[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.").

The crux of the allegations appears to focus on an alleged set-up to have Mr. Newcome's bail revoked and possibly add gun charges, and there is ample

discussion of where a certain firearm was reported to be located but little else. Plaintiffs have not adequately stated any claim for a constitutional violation in this count. Accordingly, Count 5 is dismissed without prejudice, with leave to amend.

Count 6 (Malicious Prosecution)

In Count 6, Plaintiffs assert a malicious prosecution claim, although it is unclear whether this claim is made under state or federal law. Under Florida law, "[t]he elements of a malicious prosecution claim are: (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant as the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding." *Zivojinovich v. Ritz Carlton Hotel Co.*, 445 F. Supp. 2d 1337, 1346 (M.D. Fla. 2006) (quoting *Valdez v. GAB Robins North America, Inc.*, 924 So. 2d 862, 866 n.1 (Fla. 3d DCA 2006)). In this case, Plaintiffs have failed to set allege the required elements.

To the extent Plaintiffs are asserting a federal malicious prosecution claim, they "must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of [their] Fourth Amendment right to be free from unreasonable seizures." *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004).

Plaintiffs have again failed to allege the required elements.  Consequently, Count 6 is dismissed without prejudice, with leave to amend.[6]

Count 7 (Intentional/Negligent Infliction of Emotional Distress)

In Count 7, Plaintiffs assert claims for both intentional and negligent infliction of emotional distress.  As the Court previously explained, this claim is subject to dismissal because it improperly mixes separate and distinct causes of action.  In addition, this count fails to state a claim as to either intentional infliction of emotional distress or negligent infliction of emotional distress.

"In Florida, to prove intentional infliction of emotional distress, a plaintiff must show that (1) the defendant's conduct was intentional or reckless; (2) the conduct was outrageous, beyond all bounds of decency, and odious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe."  *Moore v. Pederson*, 806 F.3d 1036, 1053 (11th Cir. 2015).  "The elements of a negligent infliction of emotional distress claim are: (1) the plaintiff must suffer a discernable physical injury; (2) the physical injury must be caused by the psychological trauma; (3) the plaintiff must be involved in the event causing the negligent injury to another; and (4) the plaintiff must have a close personal relationship to the directly injured person."  *Mbano v. Kriseman*, No.

---

[6] In any amended complaint, Plaintiffs should not assert any malicious prosecution claims against the Sheriff or any officers in their official capacities. *See C.P. by and through Perez v. Collier County*, 145 F. Supp. 3d 1085, 1094 (M.D. Fla. 2015) ("Because there can be no claim for malicious prosecution without a showing of malice, and because Fla. Stat. § 768.28(9)(a) bars claims against the entity or officials acting in their official capacities for conduct committed with malice, Florida law is also clear that there can be no claim for malicious prosecution against state agencies or subdivisions.").

8:14-cv-1923-T-30TBM, 2014 WL 5782802, at *5 (M.D. Fla. Nov. 6, 2014). Plaintiffs fail to allege the required elements of either cause of action. This count is dismissed without prejudice, with leave to amend. The Court notes that any amended complaint should allege facts to support each of these elements as to each plaintiff.

Count 8 (False Arrest/Imprisonment)

In Count 8, Plaintiffs assert a false arrest/imprisonment claim based on their warrantless arrests. "The tort of false imprisonment or false arrest is defined as the unlawful restraint of a person against his will, the gist of which action is the unlawful detention of the plaintiff and the deprivation of his liberty. A plaintiff must show that the detention as unreasonable and unwarranted under the circumstances." *Zivojinovich*, 445 F. Supp. 2d at 1346 (quoting *Rivers v. Dillards Dep't Store, Inc.*, 698 So. 2d 1328, 1331 (Fla. 1st DCA 1997)). Here, Plaintiffs fail to allege facts to show that the detention was unreasonable or unwarranted under the circumstances. Although they allege that they were arrested without a warrant, they fail to allege that they were arrested without probable cause. Furthermore, Plaintiffs fail to allege active or personal participation in their unlawful restraint by specific defendants. *See, e.g.*, *Jibory v. City of Jacksonville*, 920 So. 2d 666, 667 n.1 (Fla. 1st DCA 2005). As such, Count 8 is dismissed without prejudice, with leave to amend.

Count 9 (Excessive Use of Force)

In Count 9, Plaintiffs assert a claim for "excessive use of force." It is unclear whether this is intended to be a federal or state law claim.[7] It is also unclear how this claim is distinct from the claims in Count 1 and the claims in Counts 10 and 11. Because the nature of this claim is unclear, Count 9 is dismissed without prejudice, with leave to amend.

Counts 10 and 11 (Aggravated Battery and Aggravated Assault)

In Counts 10 and 11, Plaintiffs assert claims for "aggravated battery" and "aggravated assault," citing to criminal law statutes inapplicable to this action. There are no civil causes of action for "aggravated" battery or assault. However, Florida law does recognize the common law torts of battery and assault. Because Plaintiffs may be able to state claims for these common law torts, Counts 10 and 11 are dismissed without prejudice, with leave to amend.

Count 12 (Trespass)

In Count 12, Plaintiffs assert a claim for trespass, citing to criminal law statutes inapplicable here. As to a possible civil cause of action, Plaintiffs have failed to state a claim. "Under Florida law, trespass to real property is an injury to or use of the land of another by one having no authority." *Rebalko v. City of Coral*

---

[7] "Excessive use of force" is not an independent cause of action in Florida. Instead, under Florida law, "an assault and battery claim 'for excessive force is analyzed by focusing upon whether the amount of force used was reasonable under the circumstances.'" *See Pena v. Marcus*, No. 6:15-cv-69-Orl-18TBS, 2016 WL 10892250, at *5 (M.D. Fla. Dec. 19, 2016)). As such, this claim is dismissed to the extent that it attempts to assert an independent cause of action for excessive use of force.

*Springs*, No. 19-60569-CIV-ALTMAN/Hunt, 2020 WL 6446042, at *28 (S.D. Fla. Nov. 3, 2020) (internal quotation omitted). "However, law enforcement personnel have a right, under appropriate circumstances, to enter upon private property, notwithstanding general trespass principles." *Id.* (internal quotation omitted). Although Plaintiffs allege that unspecified officers entered their property and home "without permission after being told not to, without having any warrant or exigent circumstance," Plaintiffs do not allege that there was no probable cause to enter the property, or that the officers were not otherwise performing their lawful duties at the time of entry. As such, this claim is dismissed without prejudice, with leave to amend.

### Count 13 (Willful Destruction of Property)

In Count 13, Plaintiffs assert a claim for "willful destruction of property," citing a criminal law statute inapplicable here. As to a possible civil cause of action, Plaintiffs have failed to state a claim. For instance, they must identify the defendants who allegedly damaged their property. As such, this claim is dismissed without prejudice, with leave to amend.

### Other Arguments Raised by Defendants

Because it will be necessary for Plaintiffs to file an amended complaint to correct pleading defects, the Court need not address Defendant' substantive arguments that several of Plaintiffs' causes of action are legally barred. *See Shaffer v. Bank of N.Y. Mellon & Shellpoint LLC*, No. 8:17-cv-565-T-33AAS, 2017 WL 1653789, at *1 (M.D. Fla. May 2, 2017). Defendants are not precluded from raising

these arguments – such as qualified immunity and sovereign immunity – in a future motion to dismiss following the filing of an amended complaint.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1) "Defendant, Hernando County Sheriff's Office Amended Motion to Dismiss the Plaintiffs' Complaint with Memorandum of Law" (Doc. 31) and "Defendants' Amended and Consolidated Motions to Dismiss the Plaintiffs' Complaint with Memorandum of Law" (Doc. 32) are **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**.

2) The motions are **GRANTED** to the extent that Plaintiffs' claims against Defendant Hernando County Sheriff's Office are **DISMISSED**. The Clerk is directed to terminate the Hernando County Sheriff's Office as a party in this case.

3) The motions are **FURTHER GRANTED** to the extent that Plaintiffs' complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** for the reasons set forth in this Order.

4) The motions are otherwise **DENIED WITHOUT PREJUDICE** to any right Defendants may have to raise appropriate arguments following the filing of an amended complaint.

5) Plaintiffs are directed to file an amended complaint to correct the pleading deficiencies identified in this Order on or before February 23, 2022. Failure to file an amended complaint as directed will result in this Order becoming a

final judgment.  *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).  In any amended complaint, Plaintiff should take care to name the proper defendant(s).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>2nd</u> day of February, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**