UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES R. NEWCOME and
UMAMA J. NEWCOME,

     Plaintiffs,

v.                                                           Case No. 8:21-cv-2171-TPB-TGW

HERNANDO COUNTY
SHERIFF'S OFFICE, et al.,

     Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN PART DEFENDANTS' AMENDED CONSOLIDATED MOTION TO DISMISS**

This matter is before the Court on "Defendants' Amended Consolidated Motions to Dismiss the Plaintiffs' Amended Complaint with Memorandum of Law," filed on March 11, 2022.[1] (Doc. 54). Plaintiffs James R. Newcome and Umama J. Newcome filed a response in opposition to the motion on April 1, 2022. (Doc. 56). After reviewing the motions, responses, court file, and the record, the Court finds as follows:

## Background

Plaintiffs James and Umama Newcome bring suit against numerous deputy sheriffs, in their individual capacities, following a SWAT-team raid on their home. According to the allegations of the amended complaint, on September 14, 2018, Plaintiffs claim that Mr. Newcome went to assist an elderly, ill neighbor. Plaintiffs

---

[1] The Court notes that Defendants filed the amended motion to dismiss on March 8, 2022, to include the certificate of conferral required by Local Rule 3.01(g).

allege that Mr. Newcome believed a younger man sitting in a truck outside pulled a gun on him, so Mr. Newcome "harmlessly disarmed" the man of what he believed to be a handgun. Plaintiffs allege that seconds later, after Mr. Newcome had begun walking toward the elderly neighbor's door, he realized that the "gun" was actually a black cell phone and returned it to the man. Plaintiffs claim that this man never called 911 or told any law enforcement officer that his cellphone had been stolen, or that he had been robbed, and he did not ask to press charges.

Plaintiffs allege that on September 15, 2018, at around 1:07 a.m., the ten individual Defendants – deputies employed by the Hernando County Sheriff's Office – participated in a home seizure, which included 10 teargas shells being launched into Plaintiffs' home, shattering three large windows. Plaintiffs claim that the deputy sheriffs had no warrant to arrest them, no probable cause to support arrest, and there were no exigent circumstances to justify a warrantless home seizure.

On February 2, 2022, the Court dismissed Plaintiffs' complaint as a shotgun pleading and for failure to state claims. (Doc. 46). On February 22, 2022, Plaintiffs filed the operative amended complaint, asserting six claims for relief. Defendants moved to dismiss. (Doc. 54). The Court held a hearing to address this matter on May 17, 2022. (Doc. 58). Although the amended complaint contains some improvements, it remains deficient. Because a better drafted complaint may state a claim for relief, the Court will grant Plaintiffs another opportunity to amend.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 555.

When deciding a Rule 12(b)(6) motion, the court's scope of review is limited to the four corners of the complaint. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). However, a document attached to the pleading as an exhibit may be considered if it is central to the plaintiff's claim and the authenticity of the document is not challenged. *See Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal"). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Rickman v. Precisionaire, Inc.*, 902 F.

Supp. 232, 233 (M.D. Fla. 1995) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, No. 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiffs in this case are proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## Analysis

### *Shotgun Pleading*

Defendants argue that the amended complaint should be dismissed as a shotgun pleading. A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive pleading." *See Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has identified four primary types of shotgun pleadings:

> (1) Complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;

    (2)    Complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;

    (3)    Complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and

    (4)    Complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). A district court must generally permit a plaintiff at least one opportunity to amend a shotgun complaint's deficiencies before dismissing the complaint with prejudice. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

The amended complaint constitutes a shotgun pleading. In Count I, Plaintiffs appear to improperly mix several different causes of action and/or claims for relief, as discussed below. In addition, Counts I and II purport to be on behalf of both Plaintiffs, but the facts and law governing the claims appear to be different. This improper mixing of claims by both Plaintiffs makes it difficult for Defendants to respond accordingly and present defenses, and for the Court to appropriately adjudicate this case. As such, Counts I and II are subject to dismissal as shotgun pleadings.

As to the mixing of Defendants, the Court finds that this is not quite the issue made out by Defendants. Plaintiffs allege that Deputy Adkins ordered the home seizure, Deputy Tippin participated in the seizure, Deputy Martin was the arresting officer, and that the other SWAT members – Troy Hyler, Brian Schneider,

Willard Brian Stephens, Seth Pardue, Derik Deso, Eric Burburan, and Francis Ritchie – helped facilitate and carry out the home seizure. Plaintiffs include an excerpt from a SWAT report indicating that Deputy Ritchie was instructed to deploy a less than lethal gas. These factual allegations appear to be sufficiently clear to put Defendants on notice as to nature of the claims against them. The amended complaint is still subject to dismissal, however, due to the mixing of Plaintiffs and causes of action in certain counts.

*Failure to State a Claim*

Defendants argue that each of Plaintiffs' federal and state claims are subject to dismissal for failing to state a claim.

Count 1

The Court previously dismissed Count I, finding that the count seemed to combine two separate and distinct Fourth Amendment violations – a seizure based on the use of force and a seizure based on unlawful arrest inside the home. As drafted, Count 1 of the amended complaint appears to have similar issues. It is unclear whether the claim is based on the use of force, the amount of force, the warrantless arrests of Plaintiffs outside their home, or some other conduct.[2]

---

[2] The Court notes that in the response in opposition, Plaintiffs cite to *Payton v. New York*, 445 U.S. 573, 590 (1980), to argue that the *warrantless arrests* were invalid and unconstitutional. However, this argument appears to suffer from possible deficiencies. In *Knight v. Jacobson*, the Eleventh Circuit granted qualified immunity to an officer who effectuated an arrest just outside of the door. *See Knight v. Jacobson*, 300 F.3d 1272, 1277-78 (11th Cir. 2002). In making this ruling, the Eleventh Circuit noted that *Payton* "does not prevent a law enforcement officer from telling a suspect to step outside his home and then arresting him without a warrant," as long as the officer does not cross "the firm line at the entrance to the house." *See id.* at 1277.

For example, Plaintiffs appear to allege three distinct seizures – the first when they believed they could not leave their home, the second when they were forced out of their home, and the third when they were arrested. If Plaintiffs individually intend to assert each of these types of claims, they should separate these into different counts. This improper mixing of claims makes it difficult for Defendants to respond and frame appropriate defenses. The Court will grant Plaintiffs another opportunity to amend to state a claim. When drafting an amended claim, Plaintiffs should file separate counts on behalf of each plaintiff and should take care to include sufficient facts and avoid making legal conclusions.

Count 2

In Count 2, Plaintiffs attempt to allege a § 1983 claim based on the use of excessive force in violation of the Fourth Amendment. Again, however, Plaintiffs have failed to separate their causes of action into different counts. Plaintiffs allege that Defendants fired at least ten teargas projectiles into their home, which shattered three windows and caused their curtain to catch fire. However, it appears that Mrs. Newcome may also be asserting an excessive force claim based on the amount of force using when being handcuffed. These claims should be separated into different counts. The improper mixing of claims makes it difficult for Defendants to respond and frame appropriate defenses. When drafting an amended claim, Plaintiffs should file separate counts on behalf of each plaintiff and should take care to include sufficient facts and avoid making legal conclusions.

Count 3.  False Arrest/Imprisonment by Mrs. Newcome Against Deputy Martin.

In Count 3 of the amended complaint, Mrs. Newcome asserts a claim for false arrest/imprisonment against Deputy Martin.  Mrs. Newcome generally alleges that she was confined by Deputy Martin, was aware of her confinement, that she did not consent to confinement, and that the confinement was not privileged or lawful because it was based on "fabricated evidence."  Mrs. Newcome was arrested and "had to endure a night in jail."

Mrs. Newcome has only presented a conclusory and formulaic recitation of the elements to state a false arrest claim and does not allege sufficient facts to support her claim.  Specifically, Mrs. Newcome does not present any factual allegations regarding the nature of the "fabricated evidence" or false statements she contends were included in the affidavit.  This omission fails to provide Deputy Martin with fair notice of her claim.[3]  *See Williams v. Allen*, No. 6:17-cv-00242-Orl-31DCI, 2017 WL 1653744, at *5 (M.D. Fla. May 2, 2017).  The Court will grant one final opportunity to amend this claim.  In the amended complaint, Mrs. Newcome should identify any "fabricated evidence" or "false statements" included in the affidavit.[4]

---

[3] Mrs. Newcome is unable to use her response to a motion to dismiss to expand and supplement the allegations of the complaint.  *See, e.g., Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 665 (11th Cir. 2015).

[4] The Court notes that although Mrs. Newcome did not attach a copy of the affidavit to the amended complaint, the Court may take judicial notice of the arrest affidavit in case 18-MM-3004.  *See* Fed. R. Evid. 201(b)(2); *Cunningham v. Dist. Att'y's Office*, 592 F.3d 1237, 1255 (11th Cir. 2010).

Count 4.  False Arrest/Imprisonment by Mr. Newcome Against Deputy Martin.

In Count 4 of the amended complaint, Mr. Newcome attempts to assert a claim for false arrest/imprisonment against Deputy Martin.  Mr. Newcome generally alleges that he was confined by Deputy Martin, was aware of his confinement, that he did not consent to confinement, and that the confinement was not privileged or lawful because it was based on "fabricated evidence."  Mr. Newcome was arrested and spent a night in jail prior to posting bond.

Mr. Newcome has only presented a conclusory and formulaic recitation of the elements to state a false arrest claim and does not allege sufficient facts to support his claim.  Specifically, Mr. Newcome does not present any factual allegations regarding the nature of the "fabricated evidence" or false statements he contends were included in the affidavit.  This omission fails to provide Deputy Martin with fair notice of the claim against him.[5]  *See Williams*, 2017 WL 1653744, at *5.

The Court will grant another opportunity to amend this claim.  In the amended complaint, Mr. Newcome should identify any "fabricated evidence" or "false statements" included in the affidavit.[6]

---

[5] Mr. Newcome is unable to use his response to a motion to dismiss to expand and supplement the allegations of the complaint.  *See, e.g.*, *Burgess*, 600 F. App'x at 665.
[6] The Court notes that although Mr. Newcome did not attach a copy of the affidavit to the amended complaint, the Court may take judicial notice of the arrest affidavit in case 18-CF-001992.  *See* Fed. R. Evid. 201(b)(2); *Cunningham*, 592 F.3d at 1255.

Count 5 (Malicious Prosecution by Mrs. Newcome against Deputy Martin)

In Count 6, Mrs. Newcome alleges a federal malicious prosecution claim. Mrs. Newcome was arrested for and charged with resisting an officer without violence, a violation of § 843.02, *F.S.*[7]

To assert a federal malicious prosecution claim, Mrs. Newcome "must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of [her] Fourth Amendment right to be free from unreasonable seizures." *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004). Under Florida law, "[t]he elements of a malicious prosecution claim are: (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant as the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding." *Zivojinovich v. Ritz Carlton Hotel Co.*, 445 F. Supp. 2d 1337, 1346 (M.D. Fla. 2006) (quoting *Valdez v. GAB Robins North America, Inc.*, 924 So. 2d 862, 866 n.1 (Fla. 3d DCA 2006)).

Mrs. Newcome has only presented a conclusory and formulaic recitation of the elements to state a malicious prosecution claim and does not allege sufficient

---

[7] Contrary to Plaintiffs' assertion, resisting an officer without violence is a crime in the state of Florida.

facts to support her claim.  For example, Mrs. Newcome fails to sufficiently allege that Deputy Martin was the legal cause of the proceeding against her because she does not present any factual allegations regarding the nature of the "fabricated evidence" or false statements she contends were included in criminal report affidavit.  *See Zargari v. United States*, No. 13-23806-CIV, 2014 WL 1669968, at *6-7 (S.D. Fla. Apr. 28, 2014).  This omission fails to provide Deputy Martin with fair notice of the claim.[8]  She also is unable to prove a violation of her Fourth Amendment right to be free from unreasonable seizure because the amended complaint does not contain sufficient facts to show an absence of probable cause.  Instead, Mrs. Newcome asserts in conclusory fashion that there was no probable cause for her arrest.  *See Swanson v. Scott*, 334 F. Supp. 3d 1203, 1215 (M.D. Fla. Aug. 10, 2018) (explaining that to succeed on a § 1983 malicious prosecution claim, a plaintiff "must show that no reasonably objective police officer would have perceived there to be probable cause for the arrest").

The count, as alleged, does not state a claim.  But because there is a possibility a better drafted compliant may state a claim, the Court will give Mrs. Newcome another opportunity to amend this count.

---

[8] The Court notes that the amended complaint appears to at least partially contradict itself by alleging that Deputy Martin "fabricated" crimes and made "false statements" as part of the affidavit, while also alleging that Deputy Martin relied on statements from "Joshua" (the victim of the alleged armed burglary) and another deputy.

<u>Count 6 (Malicious Prosecution by Mr. Newcome against Deputy Martin)</u>

In Count 6, Mr. Newcome attempts to allege a federal malicious prosecution claim. Mr. Newcome was arrested for resisting an officer without violence, armed burglary of a conveyance, and misuse of 911.

This count is deficient for several reasons. First, Mr. Newcome has only presented a conclusory and formulaic recitation of the elements to state a malicious prosecution claim and does not allege sufficient facts to support his claim. For example, Mr. Newcome fails to sufficiently allege that Deputy Martin was the legal cause of the proceeding against him because he does not present any factual allegations regarding the nature of the "fabricated evidence" or false statements he contends were included in the affidavit. *See Zargari*, 2014 WL 1669968, at *6-7. This omission fails to provide Deputy Martin with fair notice of the claim.[9]

It is also questionable whether Mr. Newcome can establish a bona fide termination of the proceedings in his favor. Mr. Newcome does not provide many factual allegations concerning the underlying state court proceedings. However, based upon its review of the state court judicial records, it appears that the charges against Mr. Newcome were dismissed after he completed a pretrial intervention ("PTI") program. As part of PTI, Mr. Newcome signed a contract electing to not contest the crime for which he was charged – aggravated assault. If this is the case,

---

[9] The Court notes that the amended complaint appears to at least partially contradict itself by alleging that Deputy Martin "fabricated" crimes and made "false statements" as part of the affidavit, while also alleging that Deputy Martin relied on statements from "Joshua" (the victim of the alleged armed burglary) and another deputy. This type of incongruity may be fatal to a claim. *See Toala v. City of Miami Beach*, No. 08-2-884-CIV-JORDAN, 2008 WL 11411153, at *3 (S.D. Fla. Dec. 3, 2008).

it is unlikely that Mr. Newcome can establish this element of the claim. *See, e.g.*, *Hoffman v. Grissett*, No. 3:16-cv-1091-J-39MCR, 2017 WL 8751752, at *14 (M.D. Fla. Sept. 28, 2017) (finding that plaintiff had failed to state a malicious prosecution claim because he could not show a bona fide termination of the underlying proceeding in his favor when the charges were sent to PTI); *Ardis v. Danheisser*, No. 3:13cv366/MCR/3EMT, 2014 WL 103232, at *6 (N.D. Fla. Jan. 10, 2014) (taking judicial notice of state court documents that showed nolle prosequi was filed only after the plaintiff successfully completed pretrial intervention program and concluding that plaintiff failed to show bona fide termination in his favor for purpose of malicious prosecution claim). The Court will grant leave to amend for Mr. Newcome to attempt to state a claim by providing more information about the termination of the proceedings, if he may do so in good faith.

<u>Qualified Immunity</u>

Because qualified immunity is immunity from a suit rather than a mere defense to liability, it is important to address at the earliest possible stage of the proceedings. However, because the amended complaint still contains substantial defects, it is not possible for the Court to determine at this point whether Defendants are entitled to qualified immunity. The motion is denied without prejudice as to this ground, and Defendants may raise any appropriate qualified immunity arguments following the filing of a second amended complaint.

That being said, based on the motion and response, it is clear that if Plaintiffs are able to state any facially sufficient claims, a qualified immunity analysis will

focus on whether the facts demonstrate a violation of a clearly established constitutional right.[10]  This standard requires a plaintiff to point to binding Eleventh Circuit or Supreme Court law.  Among other things, the existence or absence of probable cause will likely be at issue, and Plaintiffs cannot avoid the immunity issue by simply establishing a lack of probable cause.  Instead, they must demonstrate that there was no *arguable* probable cause at the time of the incident.  This is a different standard, and it is more difficult for a plaintiff to overcome.  When drafting the second amended complaint, Plaintiffs should keep this standard in mind.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1) "Defendants' Amended Consolidated Motions to Dismiss the Plaintiffs' Amended Complaint with Memorandum of Law" (Doc. 54) is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**.

2) The motion is **GRANTED** to the extent that Plaintiffs' amended complaint (Doc. 50) is **DISMISSED WITHOUT PREJUDICE** for the reasons set forth in this Order.

3) The motion is otherwise **DENIED WITHOUT PREJUDICE** to any right Defendants may have to raise appropriate arguments following the filing of an amended complaint.

---

[10] There appears to be agreement that the individual officers were acting within the scope of their discretionary authority at all relevant times.

4) Plaintiffs are directed to file an amended complaint to correct the pleading deficiencies identified in this Order on or before June 30, 2022. Failure to file an amended complaint as directed will result in this Order becoming a final judgment. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 8th day of June, 2022.

        **TOM BARBER**
        **UNITED STATES DISTRICT JUDGE**